UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| USABLE LIFE COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 1:09-CV-77 |
| v. ) | |
| ) | |
| KENNETH GANN, and T.L.G., ) | Chief Judge Curtis L. Collier |
| a minor, ) | |
| ) | |
| Defendants. ) | |

### MEMORANDUM

Before the Court is Usable Life Company's ("Plaintiff") motion for default judgment against Defendant Kenneth Gann ("Gann") and summary judgment against T.L.G., a minor ("T.L.G.") (Court File No. 13). Neither defendant responded to Plaintiffs' motions. Although Plaintiff moves for summary judgment, the Court construes this as a motion for judgment on the pleadings as no matters outside the pleadings were submitted in support of Plaintiff's motion. Fed. R. Civ. P. 12(c). For the following reasons, Plaintiff's motion will be **GRANTED** (Court File No. 13) and the Court will **ORDER** default judgment to be entered against Gann and will enter judgment in favor of T.L.G. in the amount of $140,000.00.

**I.   FACTS**

Plaintiff filed the instant complaint in interpleader and tendered $140,000.00 to the Court (Receipt #C1005011), representing the life and accidental death benefit of Robin Elaine Gann ("Decedent") in March 2009. Pursuant to the policy, Gann, under normal circumstances, would

have been the appropriate beneficiary to receive the funds as the former spouse of Decedent. However, Decedent died as a result of manual strangulation and at the time Plaintiff determined benefits were payable, Gann was being implicated in Decedent's death. Under Tenn. Code. Ann. § 31-1-106, Gann was at risk of being disqualified from receiving benefits stemming from Decedent. Plaintiff sent correspondence to Gann on four occasions, requesting Gann sign a release to allow Plaintiff to pay the $140,000.00 benefit to the resident guardians of T.L.G., the minor child of Decedent and to release Plaintiff from further liability. Gann never executed this release and T.L.G. has not been able to receive the benefits from his mother's policy.

T.L.G filed a timely answer, admitting all relevant portions of the complaint. Gann was served with a copy of the complaint and summons on March 31, 2009, and received personal service from a process server (Court File No. 4). Plaintiff moved for entry of default on May 5, 2009, and the Clerk of Court entered default against Gann on May 18, 2009 (Court File No. 11). Plaintiff has now moved for default judgment against Gann and for judgment on the pleadings against T.L.G.

## II.   INTERPLEADER

The Court finds interpleader is available and an appropriate remedy for the relief sought by Plaintiff. Under Fed. R. Civ. P. 22, "[p]ersons having claims against the plaintiff may be joined as defendants and required to interplead when their claims are such that the plaintiff is or may be exposed to double or multiple liability." The Sixth Circuit describes analysis of interpleader claims as including determining (1) whether the court has jurisdiction over the suit, (2) whether the stakeholder is actually threatened with double or multiple liability, and (3) whether any equitable concerns prevent the use of interpleader. *United States v. High Tech Prods., Inc.,* 497 F.3d 637, 641

(6th Cir. 2007).

This Court has jurisdiction over the subject matter of this litigation based on 28 U.S.C. § 1331 as this claim arises under ERISA. 29 U.S.C. § 1132(e). Interpleader is a form of "appropriate equitable relief" pursuant to section 502(a)(3)(B) of ERISA, 29 U.S.C. § 1132(a)(3)(B). *Metro. Life Ins. Co. v. Marsh*. 119 F.3d 415, 418 (6th Cir. 1997). Plaintiff insurer risks exposure to double liability by adverse claimants as Gann, the appropriate beneficiary under normal circumstances, is at risk of being disqualified under Tenn. Code Ann. § 31-1-106 and he has failed to execute a release to relieve Plaintiff of liability should benefits be paid to the guardians of T.L.G. Finally, there are no equitable concerns to prevent the use of interpleader in this case. *See Pan Am. Fire & Cas. Co. v. Revere*, 188 F. Supp. 474, 480 (E.D. La. 1960) ("the only equitable ground necessary for interpleader . . . is exposure to double or multiple vexation").

Plaintiff, as a neutral stakeholder who asserts no claim to the disputed funds and having previously deposited the funds into the custody of the Court should thus be discharged from the action and dismissed with prejudice. *See Sun Life Assur. Co. of Canada v. Thomas*, 735 F.Supp. 730, 732 (W.D. Mich. 1990).

**III. DEFAULT JUDGMENT**

The procedure governing entry of default and default judgment is found in Fed. R. Civ. P. 55, which provides in pertinent part, "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend," the clerk must enter the party's default. Default judgment may be entered by the Court pursuant to Fed. R. Civ. P. 55 (b)(2). The clerk entered Gann's default on May 18, 2009. Gann has failed to respond to this entry or otherwise answer the

complaint. Since Gann has "failed to plead or otherwise defend," the Court finds default judgment is warranted.

Upon entry of default judgment, the factual allegations of the complaint are accepted as true. *United States v. Conces*, 507 F.3d 1028, 1038 (6th Cir. 2007). In addition, Gann, by failing to answer or otherwise defend his stake in the interpleader claim, forfeits any claim of entitlement that he might have asserted. *See SunLife Assur. of Canada (U.S.) v. Conroy*, 431 F. Supp. 2d 220, 226 (D.R.I. 2006) ("[a] named interpleader defendant who fails to answer the interpleader complaint and assert a claim to the *res* forfeits any claim of entitlement that might have been asserted"); *Skidmore v. Boilermaker-Blacksmith Nat'l Pension Trust*, No. 1:08-CV-45, 2009 Wl 1362067 at * 5 (E.D. Tenn. May 13, 2009) (finding that defendant's "default, as the result of her failure to respond to the interpleader complaint, forfeits any claim by [defendant] as a surviving child"); *Fed. Ins. Co. v. Adams*, No. 05-cv-00965-MSK-CBS, 2007 WL1456103 at *7 (D. Colo. May 15, 2007) ("[a] default judgment entered against an interpleader defendant thus terminates that party's interest in the fund at issue").

Gann's interest in the funds from Decedent's policy is terminated upon entry of default judgment. Thus, the only remaining claimant, T.L.G., is entitled to the funds deposited into the court. *See Nationwide Mut. Fire Ins. Co. v. Eason*, 736 F.2d 130, 133 n.4 (4th Cir. 1984) ("if all but one interpleader defendant defaulted, the remaining defendant would be entitled to the fund"). The Court will grant Plaintiff's motion for default judgment against Gann, which leaves T.L.G. as the only remaining defendant with a valid claim to the benefits from Decedent's policy.

**IV.    JUDGMENT ON THE PLEADINGS**

Plaintiff moved for judgment on the pleadings against T.L.G. as there is no dispute of facts and Plaintiff is entitled to judgment as a matter of law for the relief sought. Plaintiff points to T.L.G.'s admission of all material allegations in the complaint, specifically that Plaintiff is entitled to the relief of interpleader, discharge, injunction, and dismissal.

By granting the relief of interpleader, the Court disposes of the only real controverted issue between the parties as T.L.G. is the only remaining claimant. Further, the Court's award of benefits to T.L.G. results in a final order. Plaintiff seeks to enjoin parties from instituting any other action against Plaintiff over the subject matter of this lawsuit and concerning the benefits at issue. Based on the Court's determination Plaintiff is to be dismissed with prejudice and final judgment as to the award of benefits to T.L.G., it necessarily follows further action would be precluded due to principles of res judicata.

The Court determines judgment on the pleadings is unnecessary at this point as the default judgment against Gann results in a determination of the recipient of benefits from Decedent's policy and no further issues remain in dispute before the Court.

## V. CONCLUSION

The Court finds interpleader is an appropriate remedy available to Plaintiff and having previously received funds from Decedent's policy, the Court will discharge Plaintiff from further liability as to its proceeds and dismiss Plaintiff with prejudice. The Court finds default judgment is warranted as to Gann, based on his failure to answer or otherwise defend his interest in Decedent's policy award. By defaulting, Gann has forfeited his right to pursue an interest in the funds at issue in this litigation. T.L.G. is the only remaining party with a valid interest in the funds deposited with

5

the Court and is entitled to receive them. Accordingly the Court will **GRANT** Plaintiff's motion (Court File No. 13), and will enter a **JUDGMENT ORDER** which:

(1) **ORDERS** default judgment entered against Kenneth Gann;

(2) **DISMISSES WITH PREJUDICE** Plaintiff, discharging Plaintiff from all liability under the policy;

(3) **ORDERS** judgment entered in favor of T.L.G., as the beneficiary of Robin Elaine Gann's insurance policy, and entitled to the proceeds therewith;

(4) **AWARDS** T.L.G. the proceeds of the policy. The Court will issue a check payable to Lawrence F. Burns III and Donna H. Burns, the guardians of T.L.G. in the amount of $140,000.00. This check, payable as noted above, will be mailed to the attorney for T.L.G., Heather H. Sveadas, at Chambliss, Bahner & Stophel, PC, Two Union Square, Suite 1000 Tallan Building, Chattanooga, TN 37402-2500; and

(5) **ORDERS** the Clerk to **CLOSE** Case number 1:09-CV-77, as the accompanying Order resolves all remaining issues in this matter.

An Order shall enter.

**/s/**
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**